IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Lee O. Wilson,<br>Plaintiff, | )<br>)<br>) |
| v. | )     1:07cv165 (LMB/IDD) |
| | ) |
| Gene Johnson, et al.,<br>Defendants. | )<br>)<br>) |

MEMORANDUM OPINION

Lee O. Wilson was a Virginia inmate proceeding pro se when he filed this civil rights action, pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated when a miscalculation of his release date resulted in the lengthening of his prison stay for a conviction of accessory after the fact.[1] On February 27, 2007, the complaint was dismissed without prejudice pursuant to the "favorable termination" requirement of Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). On July 25, 2008, the dismissal was reversed and the action was remanded for further proceedings. Wilson v. Johnson, 535 F.3d 262 (4th Cir. 2008). In its opinion, the Fourth Circuit made the following observation:

> After his release [from prison on the accessory after the fact sentence at issue in this lawsuit], Wilson was imprisoned again on an unrelated charge. During this imprisonment, Wilson filed this § 1983 claim along with a habeas claim. In the habeas petition, Wilson argued, *inter alia*, that the VDOC improperly extended his accessory after the fact sentence. The Virginia Circuit Court dismissed Wilson's habeas petition, finding that the VDOC properly calculated Wilson's sentence. The Virginia Supreme Court affirmed the trial court's decision. The VDOC argued in a motion to stay prior to oral argument, and in a motion to dismiss after oral argument, that the Virginia Circuit Court's decision resolved the underlying factual issue

---

[1] On April 5, 2010, plaintiff informed the Court that he was released from incarceration and is now residing at a private address in Virginia Beach. (Docket # 52).

> in this case, thus mooting Wilson's claim. Because the issue before us is limited to the legal question of whether Wilson's § 1983 claim is cognizable, we leave the issue of whether the Virginia Circuit Court's decision moots Wilson's claim for the district court to determine on remand.

Wilson, 535 F.3d at 263 - 64, n.2.

Pursuant to the remand, defendants Gene Johnson, Doris Ewing, and Edward Meeks returned executed waivers of service, jointly filed an answer to the complaint, and moved for summary judgment. (Docket # 32) Because the motion and supporting memorandum were silent on the quoted issue framed by the Fourth Circuit, an Order was entered on February 16, 2010, directing all parties to state their positions with respect to the possible mootness of plaintiff's present claim. (Docket # 47) Plaintiff appealed the February 16 Order, and the Clerk was directed to remove this case from the active docket of the court until the appeal was concluded. (Docket # 49) By unpublished opinion decided June 30, 2010, the appeal was dismissed, Wilson v. Johnson, R. No. 10-6329 (June 30, 2010), and the mandate issued on July 22, 2010. In the meantime, Wilson also lodged an appeal of an order denying two motions to appoint counsel. The Fourth Circuit dismissed the appeal for lack of jurisdiction, Wilson v. Johnson, R. No. 09-7318 (Nov. 24, 2009), and plaintiff petitioned the United States Supreme Court for a writ of certiorari to review the dismissal. Following briefing, plaintiff's petition was denied on October 4, 2010. Wilson v. Johnson, R. No. 09-1143 (U. S. Oct. 4, 2010). Accordingly, there remains no jurisdictional impediment to resolution of this action, and the complaint will be dismissed as moot.

I. Plaintiff's State Habeas Corpus Action

In response to the Order of February 16, 2010, defendants have supplied exhibits which

reveal the following salient facts.[2] On October 30, 2007, plaintiff filed a petition for a state writ of habeas corpus in the Circuit Court for the City of Virginia Beach, case number CL07-6390. Plaintiff sought relief from the requirement that he serve the remainder of a suspended sentence following revocation of his probation based on the following grounds:

1. On September 12, 2000, plaintiff was sentenced to serve ten (10) years in the Virginia Department of Corrections ("VDOC"), with all but three (3) years and six (6) months suspended, to be followed by a supervised probation upon his release.

2. Plaintiff was found to be in violation of his probation on July 21, 2003, and he served 79 days in the Virginia Beach City Jail.

3. Plaintiff was again determined to be in violation of his probation on June 16, 2004, and he was sentenced to serve twelve (12) months in the Virginia Beach City Jail. As a result, he was incarcerated from March 12, 2004 to December 27, 2004.

4. Plaintiff was found to be in violation of his probation a third time on August 16, 2004. He was sentenced to serve one (1) years and six (6) months in the VDOC, followed by the remainder of his sentence on supervised probation; he was incarcerated from March 24, 2005 until July 17, 2006.[3]

5. On February 7, 2007, the remainder of plaintiff's suspended sentence was revoked, and he was ordered to serve the three (3) years and seven (7) months in prison.

6. Virginia Code § 53.1-187 mandates that plaintiff receive credit for all of the time he was incarcerated while awaiting trial.

7. Neither VDOC nor Legal Services can modify a sentence imposed by a court.

---

[2]Plaintiff opted not to submit a response on the issue of mootness.

[3]Although plaintiff did not refer explicitly to his accessory after the fact sentence in his habeas application, his incarceration between the dates of March 24, 2005 and July 17, 2006 included the 12-month sentence with 6 months suspended that he received for that offense.

Def. Ex. I.

On December 19, 2007, the Commonwealth of Virginia served a Motion to Dismiss plaintiff's habeas corpus application. The Commonwealth addressed all of plaintiff's sentences, as well as the various jail credits that had been applied to them, and argued that plaintiff had received all jail credit to which he was entitled and was appropriately directly discharged from VDOC on July 17, 2006. Def. Ex. II.

On December 26, 2007, the Circuit Court for the City of Virginia Beach entered an order dismissing plaintiff's habeas corpus petition, concluding that: (1) plaintiff's claim was procedurally barred because it had been filed untimely, and (2) the claim was also without merit, because "[t]he Virginia Department of Corrections has correctly calculated [Wilson's] sentences." Def. Ex. III, ¶ 4. Plaintiff appealed that decision, raising two assignments of error, as follow:

1. "The Circuit sentenced the Appellant to 3 years and 7 months. Wherein after numerous attempts by the appellant to get the Clerk and the Honorable William O'Brien to correct the Time Computation of 4 years." [sic]

2. "After receiving the Attorney General's Motion to Dismiss brief on 12-21-07. The Court passed that the case dismissed [sic] on 12-26-07 without allowing the Appellant time to file a Brief in Opposition to Motion to Dismiss."

Def. Ex. IV, § 3. On April 25, 2008, the Virginia Supreme Court dismissed plaintiff's petition for appeal upon the express holdings that "assignment of error no. 1 is insufficient to comply with Rule 5:17(c)," and "assignment of error no. 2 [is] frivolous." Wilson v. Dir., Dep't of Corrections, R. No. 080393 (Va. Apr. 28, 2008). Def. Ex. V.

## II. Standard of Review

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that judgment on the pleadings is appropriate. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (moving party bears the burden of persuasion on all relevant issues). To meet that burden, the moving party must demonstrate that no genuine issues of material fact are present for resolution. Id. at 322. Once a moving party has met its burden to show that it is entitled to judgment as a matter of law, the burden then shifts to the non-moving party to point out the specific facts which create disputed factual issues. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Matsushita Electrical Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). In evaluating a motion for summary judgment, a district court should consider the evidence in the light most favorable to the non-moving party and draw all reasonable inferences from those facts in favor of that party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). Those facts which the moving party bears the burden of proving are facts which are material. "[T]he substantive law will identify which facts are material. Only disputes over facts which might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. An issue of material fact is genuine when, "the evidence ... create[s] [a] fair doubt; wholly speculative assertions will not suffice." Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985). Thus, summary judgment is appropriate only where no material facts are genuinely disputed and the evidence as a whole could not lead a rational fact finder to rule for the non-moving party. Matsushita, 475 U.S. at 587.

III. Analysis

The doctrine of collateral estoppel or issue preclusion dictates that "once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." Montana v. United States, 440 U.S. 147 (1979). In other words, collateral estoppel bars relitigation of an issue that has already been judicially decided. Sedlack v. Braswell Services Group, 134 F.3d 219, 224 (4th Cir. 1998). "Collateral estoppel, like the related doctrine of res judicata, has the dual purpose of protecting litigants from the burden of re-litigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." Parklane Hosiery Co., Inc., v. Shore, 439 U.S. 322, 326 (1979). For collateral estoppel to apply, the following criteria must be met: (1) the issue sought to be precluded is identical to one previously litigated; (2) the issue actually must have been determined in the prior proceeding; (3) determination of the issue was a critical and necessary part of the decision in the prior proceeding; (4) the prior judgment must be final and valid; and (5) the party against whom preclusion is asserted must have had a full and fair opportunity to litigate the issue in the prior proceeding. Eddy v. Waffle House, Inc., 482 F.3d 674, 679 (4th Cir. 2007).

A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" Leonard v. Hammond, 804 F.2d 838, 842 (4th Cir. 1986) (quoting Murphy v. Hunt, 455 U.S. 478, 481 (1982)). "Mootness has been described as 'the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).'" Townes v. Jarvis, 577 F.3d 543, 546 (4th Cir. 2009), quoting Arizonans for Official English v.

Arizona, 520 U.S. 43, 68 (1997). Thus, for a controversy to be moot, it must lack at least one of the three required elements of Article III standing: (1) injury in fact, (2) causation, or (3) redressability. Id. at 546 - 47, citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).

In this case, plaintiff alleges that his release date was changed from April 21, 2006 to July 17, 2006 due to a twelve-month sentence reflected on his update sheet for a misdemeanor conviction entered in Harrisonburg, Virginia. Compl. at 4. Plaintiff contends that he was sentenced only to time served for the conviction at issue, and that although he notified defendants of the discrepancy, his release date was not corrected. Id. However, in his 2007 habeas corpus application to Circuit Court for the City of Virginia Beach, plaintiff challenged his entire sentence structure, including the period of incarceration on which he predicates his current § 1983 claim. Thus, when the Circuit Court found that "[t]he Virginia Department of Corrections has correctly calculated [Wilson's] sentences," Def. Ex. III, ¶ 4, the first three criteria for the application of collateral estoppel to the essence of plaintiff's current claim were met: the identical issue raised here was litigated in a prior proceeding, it was actually determined in that prior proceeding, and it was a critical and necessary part of the decision in the prior proceeding. Plaintiff appealed that judgment to the Virginia Supreme Court, which rejected his argument as "frivolous." Such a decision constitutes an adjudication on the merits. See Parker v. Angelone, 959 F.Supp. 319 (E.D. Va. 1997). The remaining criteria for collateral estoppel were satisfied: the determination that "all" of plaintiff's sentences were correctly calculated was final and valid, and plaintiff's opportunity to litigate the issue was full and fair. Eddy, 482 F.3d at 679.

Under these circumstances, the issue underlying plaintiff's current § 1983 claim - that VDOC miscalculated his accessory after the fact sentence - has been decided adversely to him in

a prior proceeding. That factual determination is conclusive in this lawsuit, although it rests on a different cause of action. Weinberger v. Tucker, 510 F.3d 486, 491 (4th Cir. 2007). Accordingly, the requisite element of redressability no longer exists in this action, and plaintiff's claim is moot.

### IV. Conclusion

For the foregoing reasons, defendants' Motion for Summary Judgment will be granted, and final judgment will be entered in their favor. An appropriate order and judgment shall issue.

Entered this  14th  day of  February  2011.

Alexandria, Virginia

/s/ _____
Leonie M. Brinkema
**United States District Judge**